The STATE of Ohio, Appellee,

v.

KEITH, Appellant.

[Cite as *State v. Keith* (1992), 81 Ohio App.3d 279.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005080.

Decided Jan. 29, 1992.

*Richard Gronsky*, Assistant Prosecuting Attorney, for appellee.
*Michael J. Godles*, for appellant.

Cook, Judge.

This case turns on the meaning and effect of the word "victim" as used in the definition of "innocent person" in Ohio's "RICO" Act, R.C. 2923.31 *et seq.* Elbert Building Company, Inc. ("Elbert") claims to meet the definition and thereby qualify for compensation from RICO forfeiture proceeds.

In June 1990, Song Keith was indicted in Lorain County for engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1), and promoting prostitution, R.C. 2907.22(A)(1) and (2). The next day the prosecutor recorded a corrupt activity lien notice in accordance with R.C. 2923.36(D) that described real property owned by Keith and allegedly used in the prostitution business.

Some two months later, Elbert Building Company, as a general contractor, agreed to do construction and repairs to the same property. Song Keith signed the contracts for work totalling $54,000. No work was performed before the filing of the corrupt activity lien notice.

The property was forfeited to the state in December and three days later, Elbert filed its affidavit to obtain mechanics' lien for the full amount of the contracts. Because that lien encumbered the forfeited property, the state filed its motion to release the lien. In support of the motion, the state argued that Elbert's lien was filed six months after the state's corrupt activity lien notice and, thus, according to R.C. 2923.36(E), the state lien was prior and superior to Elbert's.

After briefing by the parties, the court granted the motion, allowing the property to be sold subject only to the prior interest of the first mortgagee. The trial court found the lien to be improperly perfected according to mechanics' lien statutes; and even if it were valid, the state's lien was superior. Elbert's motion for stay was overruled and this appeal followed.

### Assignments of Error Nos. I, II and IV

"I. The Trial Court committed error in failing to determine that Appellant was an 'innocent person' pursuant to Ohio Revised Code Sections 2923.31 through 2923.36."

"II. The Trial Court committed error in failing to order the prosecuting attorney to make provision for Appellant, an innocent person, out of the proceeds of the sale of the forfeited property."

"IV. The Trial Court committed error in failing to rule on whether the Appellant was an innocent person entitled to compensation pursuant to Ohio Revised Code Section 2923.32 through 2923.36, regardless of the validity of the Mechanic's Lien."

Each of the above assignments of error hinges on Elbert's argument that it is an "innocent person" as defined in R.C. Chapter 2923. We disagree and thus discuss the assigned errors together.

### Status as Innocent Person

"Innocent person" is defined by the Ohio RICO statutes as including:

" * * * any bona fide purchaser of property that is allegedly involved in a violation of section 2923.32 of the Revised Code, including any person who establishes a valid claim to or interest in the property in accordance with division (E) of section 2923.32 of the Revised Code, and any victim of an alleged violation of that section or of any underlying offense involved in an alleged violation of that section." R.C. 2923.31(D).

Elbert's argument is that it is an "innocent person" because it was a "victim" of the alleged corrupt activity in that it was not paid due to the forfeiture of the property.

We find no case construing the meaning of "victim" as used in this statute. Obviously this contractor is a "victim" of Song Keith as that term is used in a general sense. We disagree, however, that such a *remote* cause is within the meaning of the term as used in the statute. We are not persuaded that there is a sufficient causal relationship between the alleged corrupt activity and the nonpayment to Elbert. Elbert is not a victim of the prostitution activity. Elbert is a creditor. We therefore reject Elbert's argument that it qualifies as a "victim" as that term is used in the definition of "innocent person" in R.C. 2923.31(D).

## Priority of State's Lien

■ We find, moreover, that the language of R.C. 2923.36(E) disposes of Elbert's assigned errors listed above, regardless of whether it is an "innocent person" by virtue of being a "victim" and even if it had properly perfected its mechanics' lien. The key section of R.C. 2923.36 reads as follows:

"(E) From the date of filing of a corrupt activity lien notice, the notice creates a lien in favor of the state on any personal or real property or any beneficial interest in the property located in the county in which the notice is filed that then or subsequently is owned by the person named in the notice or under any of the names set forth in the notice.

"The lien created in favor of the state is superior and prior to the interest of any other person in the personal or real property or beneficial interest in the property, if the interest is acquired subsequent to the filing of the notice."

Elbert filed its lien six months after the state filed its lien notice. Based on the explicit grant of a priority to the state of Ohio, we conclude that the priority is superior to the lien rights of Elbert acquired after the corrupt activity lien notice was filed. See 1989 Ohio Atty.Gen.Ops. No. 062.

Elbert would have us consider the status of "innocent person" as ameliorating the import of the above-quoted section. We note, however, that even if we were to accept its claimed innocent person status, the section does not include a specific exclusion of "innocent persons" from the priority established. *Id.*

## Other Arguments

■ In support of the first assignment of error, Elbert also relies on protection afforded an "innocent person" by virtue of the language of R.C. 2923.34(F). That section is titled "Civil proceedings for relief from violation;

civil penalty." Because Elbert did not institute a civil action against Song Keith, the entire section is inapplicable and the argument is inapposite.

■ Elbert cites R.C. 2923.35(A)(1)(d) in its second assignment of error. The term "innocent persons" is used in that section titled, "Disposition of forfeited property, fine or civil penalty." Again, however, Elbert seeks to be included in the definition by a general equity approach which ignores the design of the legislature to protect only prior interests where a lien notice is filed by the state.

The fourth assignment of error refers to the judgment of the trial court that the mechanics' lien filed by Elbert was not properly perfected. We note that Elbert does not dispute that conclusion of the trial court. Instead Elbert complains that the trial court ignored its "innocent person" argument advanced in its brief. Since we have found the argument to be not well taken, Elbert is not prejudiced by the rejection of the argument by the trial court.

These assignments are overruled.

### Assignments of Error Nos. III and V

"III. The Trial Court committed error in failing to order the proceeds from the forfeited property be deposited in the State Treasury."

"V. The Trial Court committed error in denying Appellant's Motion to stay the sale of the forfeited property and motion for hearing on supersedeas bond."

Based on our disposition of the other assignments of error, the actions of the trial court with respect to the proceeds were not prejudicial to Elbert and therefore the third and fifth assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

CACIOPPO, J., concurs in judgment only.